IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:12-cv-1048-JLK-KLM

JOSÉ LOZOYA;
ANTONIO MALDONADO; and
MARIO PEÑA, on behalf of
themselves, individually, and on behalf
of those similarly situated,

  Plaintiffs,

  v.

ALLPHASE LANDSCAPE CONSTRUCTION, INC., a Colorado corporation,
doing business as ALL PHASE LANDSCAPE;
DONALD TROY TINBERG;
MARK FISHER; and
LYLE FAIR, in their individual and corporate capacities,

  Defendants.

## ORDER ON CONDITIONAL CLASS CERTIFICATION

Kane, J.

  Before me is Plaintiffs' Partially Unopposed Motion for Conditional Collective Action Certification and Notice of Collective Action. Doc. 27. As described below, parties have reached some level of agreement, with Defendants accepting the core identity of plaintiffs, the primary content of the Proposed Notice and Consent forms, the named plaintiffs serving as this lawsuit's class representatives, the law firm of Sawaya & Miller serving as counsel for the conditionally certified class, and various timing issues as proposed by Plaintiffs. Discord remains, however, on several other matters, particularly regarding what identifying information Defendants will provide to Plaintiffs. Two sections on the merits of the instant motion follow, one an abstract of the mutually agreeable points, and one an assessment of the disputed matters.

As detailed in Section Two and summarized in the Conclusion, I ORDER that this collective action proceed in accordance with what the parties have mutually agreed upon (all Section One points), plus the following:

- Employees who are hired after the class is conditionally certified may become parties to this lawsuit.  Defendants must provide to Plaintiffs the contact information for new hires within fourteen (14) days of the new hires' employment commencement and let Plaintiffs send notice to the same.  These notices, however, must contain a date certain as the deadline for opting-in that matches the deadline in the original batch of notices.  Any deadline applicable to the first wave of class members will remain fast for any others who are later added.
- By way of identifying information, Defendants must provide :
    - potential plaintiffs' telephone numbers;
    - potential plaintiffs' dates of birth;
    - the last four digits of potential plaintiffs' Social Security numbers; and
    - the name(s) and contact information for the person(s) the potential class member listed as his or her emergency contact(s).
- Plaintiffs may send ONE reminder notice, provided it contains a disclaimer that the court does not encourage or discourage participation in the case.
- Plaintiffs may include the address of their proposed website on their notice and their reminder notice.
- Plaintiffs may post a copy of the Notice at the main All Phase facility.
- Plaintiffs may include the Notice in Employees' Paycheck and/or Paystub

Furthermore, I ORDER that all information be furnished to Plaintiffs in an importable as well as electronic format. A third and final section briefly mentions the parties' checkered discovery history; each accuses the other of poor conduct.

## I. POINTS OF AGREEMENT

Defendants agree to conditional certification concerning all claims of off-the-clock work for current and former hourly employees who performed landscape services and/or snow removal for All Phase on or before April 18, 2009 (three years before the date that Plaintiffs filed their complaint). Defendants further agree to provide Plaintiffs with a list of the names and last known addresses of all current and former hourly employees who performed landscape and/or snow removal for All Phase. Defendants agree to provide this list within fourteen (14) days of this Order approving the proposed notice. Defendants agree to an opt-in period of one hundred and twenty-three (123) days from the date that Plaintiffs' counsel mails the notice. Defendants agree to Plaintiffs mailing the proposed notice and proposed consent form, save for mention of a website, which reference I authorize. Defendants agree to the approval of José Lozoya, Antonio Maldonado, and Mario Peña as class representatives for the conditionally certified class. Defendants agree to the approval of Sawaya & Miller as counsel for the conditionally certified class.

## II. DISPUTED MATTERS

Plaintiffs want the potential class to include employees hired as this lawsuit progresses, and they seek additional identifying information beyond the names and mailing addresses of current and former employees that Defendants have agreed to provide, all information to be furnished in an *importable* electronic format. Plaintiffs also want the proposed Notice to include the address of a website that Plaintiffs plan to create for this litigation and for All Phase to post a

notice of the action in its break room(s) and/or other areas where employees can view it at the main All Phase site.  Furthermore, Plaintiffs request that I authorize them to mail a reminder notice to potential class members who have not already returned their consent to join forty-five (45) days before the opt-in period ends.

Defendants cite privacy concerns and declaim the additional information/further notice measures as unnecessary.  I assume, however, that Defendants object to these requests primarily because they are likely to broaden this action's class and/or facilitate Plaintiffs' counsel's prepatory work.  That said, Defendants do not make a wholesale rejection, having agreed "to discuss providing additional information for any potential plaintiffs whose initial notice is returned to counsel for Plaintiffs as undeliverable."

As concerns Plaintiffs, their motivation behind the requests for additional information is the same for each piece of identifying datum and will be recited once here instead of multiple times in each subpart below.  The purpose of the FLSA's notice provisions is to inform employees who have been potentially impacted by the employer's alleged unlawful pay policies that a lawsuit has been filed and that they have the right to participate in the lawsuit.  *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 172 (1989).  Plaintiffs in the instant case seek additional identifying information because many potential opt-in plaintiffs are migratory, seasonal workers, including H-2B foreign nationals, who may not be easily reached by first class mail sent to the addresses provided by Defendants and who thus may escape the notice the FLSA is meant to effectuate.

Asserting that many potential class members frequently travel throughout the U.S. and back and forth from the U.S. to Mexico depending on where there is work, Plaintiffs believe that Defendants are unlikely to have the employees' permanent addresses.  More realistic is that

Defendants only possess whatever temporary addresses the employees were using during their abbreviated employment with All Phase. Additionally, even where All Phase does have a permanent address for an employee, that address, if located in Mexico as Plaintiffs anticipate of most, is not conducive to notice because the mail system in Mexico is unreliable.

Courts recognize the unique challenges that arise in the context of migrant workers such as the employees involved in this case and have approved alternative notice methods such as the ones Plaintiffs urge. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1305 FN2 (9th Cir.)(court permitted notice to migrant workers by mail, publication and radio announcements in both U.S. and Mexico, and posting); *Montelongo v. Meese*, 803 F.2d 1341, 1351 (5th Cir.1986), cert. denied, 481 U.S. 1048, 107 S.Ct. 2179, 95 L.Ed.2d 835 (1987)("[g]iven the mobile, semi-literate character of the class," court required plaintiffs to mail individual notices in English and Spanish to all persons they could reasonably locate, ordered bilingual radio and newspaper announcements for a sixty-day period in the areas where class members were most likely to be found, and, over defendants' objection, permitted plaintiffs to personally contact as many class members as possible); *Graham v. Overland Solutions Inc.*, 2012 WL 4009547, at *11 (Sept. 12, 2012)(ordering defendants to provide home and cell phone numbers, employment dates, and last four digits of social security numbers for potential opt-ins). Although the widespread approval of other courts in no way renders Plaintiffs' requests subject to approval *per se*, I find the mass approval persuasive and none of my research suggests Plaintiffs are overreaching in their supplications.

I note also that many courts requiring or allowing the additional information/further notice measures did not first require plaintiffs to show that an initial mail notice was insufficient. In other words, these courts did not wait on mail to be returned as undeliverable before ordering

alternative notice steps. Thus, though Defendants express a willingness to discuss providing additional information in the event of returned mail, the time for discussion is now. *See Sperling,* 493 at 487 ("Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time."). Moreover, Plaintiffs assert relying on returned mail is insufficient to assure that potential plaintiffs received the notice of this lawsuit because 1) mail sent to temporary addresses is often not returned as "undeliverable" as a matter of course; and 2) the Mexican mail system is unreliable such that it is impossible or impracticable to determine if the post ever reached its intended destination.

The treatment is of these matters is entirely within the ambit of discretion. *Sperling,* 493 at 487.

**Whether The Class Shall Include Employees Hired During This Lawsuit's Pendency**

Defendants object to the possibility that the class may come to include employees who are hired after the class is conditionally certified as stipulated to above. Plaintiffs would have Defendants provide them with monthly updates as to new hires and would reserve the right to, at some unspecified time in the future, move to modify any certification order to include as collective or class members employees who started employment with the Defendants after the date of conditional certification.

Defendants claim the ongoing addition of new potential plaintiffs would require the parties and the Court to deal with additional future notices to new potential plaintiffs and complicate the lawsuit by creating ever-changing deadlines for the opt-in period, for discovery, and for the tolling of the statute of limitations.

I agree with Defendants that changing deadlines are undesirable. I strike a balance between the competing interests by ordering Defendants to produce contact information for new hires and letting Plaintiffs send notice to the same, but further ordering that the later notices must contain a date certain deadline for opting-in that matches the deadline date for opting-in in the original batch of notices.

**Whether Defendants Must Provide Phone Numbers, the Names and Contact Information for the Person(s) the Potential Class Member Listed as His Emergency Contact, Dates of Birth, and Social Security Numbers**

Defendants object to supplying any of the above, arguing variously that first class mail is adequate, the information sought is irrelevant, and the information is sensitive such that it should be kept private. As discussed above, courts have required defendants in similar actions to produce the information the instant Plaintiffs seek. Insofar as Defendants claim the information sought is personal, I find the information readily guarded by a court order that will fashion limits for with whom Plaintiffs can share this information and the purposes for which Plaintiffs can use this information. So long as the information is used solely for purposes of contacting potential opt-ins and is destroyed after the resolution of the lawsuit, I find it perfectly sharable.

**Whether Defendants Must Provide Email Addresses For Potential Class Members and Whether Defendants Must Provide, for Foreign Nationals, Passport Numbers and Home Country Addresses**

MOOT. Based upon Defendants' representation in their Response that they do not maintain employees' email addresses, Plaintiffs have withdrawn their request for email addresses. Doc. 33, FN 2. Plaintiffs have also reconsidered their need for passport numbers/home country addresses and withdraw that request. Doc. 33.

**Whether Plaintiffs May Send a Reminder Notice**

Plaintiffs request me to authorize their mailing of a reminder notice to potential class members who have not already returned their consent to join forty-five (45) days before the opt-in period ends. Plaintiffs assert such a reminder furthers the purpose of the FLSA's notice provision to inform as many potential class members as possible of the pending lawsuit and their right to participate. Both parties marshal authority for their respective positions; courts do diverge on the issue. Where courts have denied authorization of reminder notices, however, it typically has been because either Plaintiffs neglected to explain why a reminder is necessary or because the court feared giving an impression that it was encouraging the lawsuit. Here, Plaintiffs cite the unique employee population impacted in this case as justification for the notice. As far as such a reminder being misinterpreted, Plaintiffs shall follow *Jennings v. Cellco P'ship.,* No. 12 Civ. 293 (SRN/TNL), 2012 WL 2568146, at *6 (D.Minn. July 2, 2012), issuing the reminder, provided it contains a disclaimer that the court does not encourage or discourage participation in the case.

**Whether Plaintiffs May Include the Address of a Website Created by Plaintiffs' Counsel**

Plaintiffs propose to make available on the internet a website about this lawsuit and to include the website's address in its written notice. Plaintiffs have given Defendants an advance look at the proposed site's content, and Defendants acknowledge the website duplicates the same information that is contained in the notice, which Defendants have agreed to use. Defendants cite no authority suggesting Plaintiffs must show potential opt-in plaintiffs will receive the notice more readily by viewing the website versus by mail, but rather rely on their stock objection that notice sent by U.S. mail will be sufficient.

Plaintiffs assert the website merely permits potential opt-ins to make informed decisions and reflects the modern truth that information is gathered more frequently and easily on the internet and/or via email than by regular mail. I agree and further note that Judge Arguello allowed counsel for plaintiffs in *Darrow v. WKRP Management LLC,* Civil Action No. 09-cv-01613-CMW-BNB to list on their notice the address for Plaintiffs' counsel's lawfirm ("Potential plaintiffs should have the opportunity to ask questions and discuss concerns with Plaintiffs' counsel before determining whether to join this action.").

I will permit Plaintiffs to include the address of the website on their notice, but I will not look kindly upon Plaintiffs deviating from the content contained in their written notice without receiving express permission from the Court.

**Whether Defendants Must Include the Notice with Employee's Paycheck and/or Paystub and Post a Notice of This Action on All Phase Property**

Plaintiffs request me to order Defendants to include a copy of the notice and consent to join with the employees' paychecks and/or paycheck stubs and to post the notice at its main facility. Authority for and against is offered by the parties' briefing, but Defendants case law is off point, as it does not involve migratory employees who live in Mexico and work in the U.S. on a temporary basis. I adopt Plaintiffs' requests.

**Whether Defendants Must Provide Identifying Information in an Importable Format**

Defendants offer no explanation for their refusal to provide the identifying information in an importable format, stating only that they will provide information in an electronic format. By stating that they will provide the information in electronic but not importable format, it appears Defendants intend to provide the contact information in PDF format. Plaintiffs rightly complain that, for the purposes of uploading and creating an electronic mailing list, a PDF document is no

better than a handwritten document and would require Plaintiffs to manually input the contact information into a spreadsheet in order to create address labels and mail the notice to potential opt-ins.

This Court requires all JCMPS, Jury Instructions, etc. not only to be e-filed, but also to be sent directly to the Kane Chambers email address in an importable format for exactly the same reason. There is no reason to increase costs. Thus, I believe Defendants shall be required to provide the contact information for potential opt-in plaintiffs in an importable format.

### III.   DISCOVERY ISSUES

Plaintiffs claim Defendants have failed to adhere to discovery deadlines. Defendants skirt the issue by using language like "to date" instead of "on [date certain]" when they discuss when they produced their disclosures. Doc. 31 at p.5. The record reflects Defendants did flout the deadlines.

Defendants further claim that some of their nondisclosures are because the information sought is sensitive. Defendants should have raised this by motion, however, instead of simply not adhering to the deadlines. There is also a curious issue of a "missing" computer disk. Defendants claim Plaintiffs lost a computer disk. Doc. 31 at 5.; Plaintiffs claim they never received any disk. Doc. 33 at 14. Parties are reminded to conduct discovery in good-faith.

### CONCLUSION

The orders are hereby summarized:

- Employees who are hired after the class is conditionally certified may become parties to this lawsuit. Defendants must provide to Plaintiffs the contact information for new hires within fourteen (14) days of the new hires' employment

commencement and let Plaintiffs send notice to the same. These notices, however, must contain a date certain as the deadline for opting-in that matches the deadline in the original batch of notices. Any deadline applicable to the first wave of class members will remain fast for any others who are later added.

- By way of identifying information, Defendants must provide :
    - potential plaintiffs' telephone numbers;
    - potential plaintiffs' dates of birth;
    - the last four digits of potential plaintiffs' Social Security numbers; and
    - the name(s) and contact information for the person(s) the potential class member listed as his or her emergency contact(s).
- Plaintiffs may send ONE reminder notice, provided it contains a disclaimer that the court does not encourage or discourage participation in the case.
- Plaintiffs may include the address of their proposed website on their notice and their reminder notice.
- Plaintiffs may post a copy of the Notice at the main All Phase facility.
- Plaintiffs may include the Notice in Employees' Paycheck and/or Paystub.
- All information is to be provided to Plaintiffs in an importable format.
- All issues listed in Section One shall apply.

Defendants must provide the contact information specified above by February 15, 2013. Finally, note there is a scrivener's error in the Notice, Exhibit 1, paragraph 17, p.6—"again" should read "against."

DATED:     February 1, 2013                    BY THE COURT:

*/s/John L. Kane*
United States Senior District Judge