IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:12-cv-1048-JLK

JOSÉ LOZOYA;
ANTONIO MALDONADO; and
MARIO PEÑA, on behalf of
themselves, individually, and on behalf
of those similarly situated,

    Plaintiffs,

    v.

ALLPHASE LANDSCAPE CONSTRUCTION, INC., a Colorado corporation,
doing business as ALL PHASE LANDSCAPE;
DONALD TROY TINBERG;
MARK FISHER; and
LYLE FAIR, in their individual and corporate capacities,

    Defendants.

---

ORDER ON DEFENDANTS' MOTION TO COMEPL, DOC. 60

---

Kane, J.

This Order concerns Defendants' Motion to Compel, Doc. 60. The Motion is GRANTED in part and DENIED in part as specified herein.

*1. Handwritten Time Records*

By stating, "Plaintiffs also do not dispute that Mr. Lozoya destroyed his handwritten time records after Mr. Lozoya had complained about All Phase's record-keeping for hours worked," Defendants make it seem like Plaintiffs have affirmatively admitted such or at the least have failed to protest the veracity of such. Doc. 67, p.2. Not so. At his deposition and as set forth in ¶ 5 of Plaintiffs' Response Brief, Doc. 63,

1

Mr. Lozoya testified that for a short period he recorded his time at All Phase in a pocket-sized notebook that he no longer has. Depo. of J. Lozoya at 38:18 – 38:24, attached to Response as Ex. 1. He states he recorded his time for two weeks. *Id*. at 41:13. He asserts he had stopped recording his time before he filed a complaint with the Department of Labor in 2011. *Id*. at 39:3. He testified that he kept the notebook in the All Phase truck that he used and it was lost from the truck. *Id*. at 67:5. He does not make any statements about "destroying," even accidentally destroying, the notebook, nor does he at any time testify that he had the notebook after he started to consider legal recourse.

The duty to preserve is triggered when a party reasonably anticipates litigation involving the evidence. *Cache La Poudre Feeds, LLC v. Land*, 244 F.R.D. 614 (D. Colo. 2007). Defendants argue that Mr. Lozoya had a duty to preserve his notebook because he must have reasonably anticipated litigation after complaining to his supervisors about time-keeping and alleged improper deductions. I think this hypothesis is a willful stretch benefited by hindsight. The more reasonable and common sense hypothesis is that Mr. Lozoya anticipated that his supervisors would act favorably on his complaint.

Defendants' destruction theory is also nonsensical from a strategic point of view. Mr. Lozoya testified that he "gave up" keeping track of his time after his supervisors told him that All Phase was going to deduct time from him "no matter what." Depo. of J. Lozoya at 40:6. Assuming for purposes of this motion that Mr. Lozoya's deposition testimony is true and accurate, the records he was keeping himself reflect more time than All Phase's records, ie, his records presumably would show him as entitled to overtime. If both this is so and also he anticipated litigation, destruction of beneficial evidence and

2

ceasing to gather more by discontinuing his practice of keeping personal records would have been self-defeating.

Because the handwritten records no longer exist and are therefore unable to be produced, Defendants seek, as an alternative to production, that I give the jury an adverse inference for any of the requested information that Plaintiffs have (in Defendants' eyes) failed to preserve, disclose, and produce. This request applies both to the handwritten time records discussed in this section and to the ESI discussed immediately below. The request is denied. Such an instruction presupposes intentional or reckless destruction of data that is not presented by this motion.

*2. Defendants' Request for Relevant Electronically Stored Information ("ESI")*

Defendants requested all of Plaintiffs' relevant communications, including ESI, with any person concerning the alleged wage and hour violation. Defendants specifically move to compel the production of ESI from (a) the cell phones of Jose Lozoya, Humberto Robles-Rivera, and Javier Ramirez; and (b) the computers of Mr. Robles-Rivera and Mr. Lozoya's ex-girlfriend, Rosa Islas.

Defendants' Reply does not address Plaintiffs' Response arguments regarding the ESI on Ms. Islas's computer ("Isla ESI"); it merely notes that such discovery is requested. Plaintiffs argue, *inter alia*, that they do not have to produce the Islas ESI, because the Isla ESI is irrelevant. Plaintiffs submit that the Isla ESI is irrelevant because Ms. Isla's role (and her computer's) is limited to having searched for a lawyer at Mr. Lozoya's bequest. When asked how Mr. Lozoya came to know of his current counsel, Mr. Lozoya testified that his girlfriend (Ms. Islas) provided their names and number.

Depo. of J. Lozoya at 154:23-25, 155: 1-2.  When asked how Ms. Islas in turn knew of Mr. Lozoya's current counsel, he testified "I don't know.  I just told her to look for a lawyer for me and she looked it up."  *Id.* at 155:3-4.

Despite the seemingly narrow role Ms. Isla and her computer played in this matter, the Isla ESI is nonetheless relevant because the Isla ESI, at minimum, will allow Defendants to get a timeline of when Mr. Lozoya began searching for counsel.  Further, the search terms Ms. Isla used may prove helpful.  For example, evidence revealing that Ms. Isla hunted for counsel using the phrase "attorneys specializing in workers with no lunch breaks," would boost the theory of Plaintiffs' case, while evidence showing that Ms. Isla hunted for counsel using the phrase "reasons to sue employer" might be less probative.  While the ultimate relevance of the Isla ESI remains to be seen, there is a logical chain of inferences to support my finding that the data sought appears reasonably calculated to lead to admissible evidence.  Accordingly, Plaintiffs must produce the Isla ESI.

Regarding the production of Mr. Robles-Rivera's ESI ("Robles ESI"), Defendants argue that Mr. Robles has a duty to provide information that is/or may be on two computers he used when he was an account manager for All Phase.  Plaintiffs argue that such information is unavailable for production because both of Mr. Robles's computers are broken, one having a shattered screen, the other not capable of holding a charge, and neither machine was backed up before it failed.  *See* Letter dated April 23, 2013 attached as Ex. 3 to Doc. 63.  Plaintiffs further state that both computers became irreparably inoperable before Mr. Robles became a member of this collective action.  Doc. 63 at p. 7.

4

Defendants argue that though Plaintiffs assert the Robles ESI is unavailable for the aforementioned reasons, it is not and will not be definitively known whether the information is irretrievable until a computer forensics expert examines the computers. I agree. Unless Plaintiffs can cite to legal authority or point to factual support for their contention that it is impossible to extract data from the damaged computers, Plaintiffs must produce the data.

As far as the ESI phone records, Plaintiffs' argument is centered on the incorrect premise that Defendants seek only the phone records between Plaintiffs and Defendants. Given that starting position, Plaintiffs argue that they should not have to produce what Defendants are already in possession of from having their own phone records. I agree with Defendants that Plaintiffs' argument on this issue falters for two reasons. Falters, not fails.

First, Defendants requested ESI on all of Plaintiffs' communications relevant to their claims with any person and not just with All Phase's supervisors. Second, Plaintiffs' argument incorrectly assumes that All Phase has access to the electronic devices used by every current and former foreman and supervisor. To the extent that Defendants seek duplicate information that Defendants do have (information stored on Defendants' phones or on the phones of Defendants' employees not part of this collective action), I agree with Plaintiffs that they should not have to produce such information. For all other phone ESI in Plaintiffs' possession relating to alleged wage and hour violations, however, Plaintiffs must pony up, excepting attorney/client privileged communications.

               3. *Duty to Supplement*

Defendants Motion to Compel also seeks to have the three named representative Plaintiffs (Lozoya, Maldonado, and Pena) supplement their discovery responses. Specifically, Defendants ask that the representatives augment their responses to Interrogatories Nos. 3 and 4, relating to documents evidencing damages and contradicting any damages calculations. Additionally, Defendants' Motion to Compel protests that Plaintiffs have not provided initial disclosures for the members of Plaintiffs' class who have opted-into this case with representation by the same legal counsel. A party that is joined to a case must make his or her initial disclosures within 30 days after being joined, unless a different time is set by stipulation or Court order. Fed.R.Civ.P. 26(a)(1)(B).

Plaintiffs do not address this issue in their Response. Defendants point out that Plaintiffs' counsel have named new members of the collective action and profess to represent those new members in these proceedings. *See* Consents to Join (Docs. 38, 39, 49, 54, 56, 57, and 58). The Consents to Join were filed between February 26, 2013 (Doc. 38) and July 15, 2013 (Doc. 58). None of the individuals who have filed the Consents to Join, however, have filed any initial disclosures within the 30 day time limit applicable in this case.

Here, I order the individuals who have consented to join the action to prepare initial disclosures and file them within 20 days from the date of this Order. I further agree with Defendants that the named Plaintiffs must supplement their discovery, but only to the extent that the supplements do not overlap with the categories of discovery from above that I rule as unnecessary to produce, namely the handwritten time-records and the phone ESI already in Defendants' possession.

6

*Summary*

Plaintiffs must produce the Isla ESI, the Robles ESI, and the phone ESI not in Defendants' possession. The named Plaintiffs must also supplement their discovery as indicated herein. Finally, all persons who have filed Consents to join must file initial disclosures within 20 days from the date of this Order. I will not give the jury an adverse instruction regarding the handwritten time records. If Plaintiffs are noncompliant with this Order, an adverse instruction relating to whatever data Plaintiffs did not produce may be warranted. That bridge will be crossed only if and when it presents itself, however.

DATED:	January 21, 2014		BY THE COURT:

						**s/John L. Kane**
						John L. Kane, U.S. Senior District Judge