# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No:12-cv-1048-JLK

JOSÉ LOZOYA;
ANTONIO MALDONADO; and
MARIO PEÑA, on behalf of
themselves, individually, and on behalf
of those similarly situated,

     Plaintiffs,

v.

ALLPHASE LANDSCAPE CONSTRUCTION, INC., a Colorado corporation,
doing business as ALL PHASE LANDSCAPE;
DONALD TROY TINBERG;
MARK FISHER; and
LYLE FAIR, in their individual and corporate capacities,

     Defendants.

## ORDER ON PLAINTIFFS' MOTION TO COMPEL, DOC. 43

Kane, J.

## INTRODUCTION

This Order concerns Plaintiffs' Motion to Compel, Doc. 43. The Motion is GRANTED in part and DENIED in part as specified herein.

Plaintiffs request an order compelling Defendants to produce relevant evidence in the following categories: Electronically Stored Information ("ESI"), Pay Dispute Forms, and Documents Concerning Deductions. The basic theme of Defendants' protest to Plaintiffs' Motion is that producing what Plaintiffs request would be unduly expensive.

1

Defendants claim that the cost of production greatly outweighs any possible damages Plaintiffs might hope to recover. Defendants estimate their production costs would run at least $25,000 for discovery originating from computers/servers and an additional $10,000-$20,000 for discovery originating from smart phone imaging. Defendants estimate Plaintiffs' potential recovery as between $10,350-$29,700. Plaintiffs claim that Defendants overestimate the costs of production and underestimate the recovery potential. Moreover, they claim in any event that Defendants cannot agree for months to make certain productions and then retract their promises to make a brand new argument about expense.

Plaintiffs have several times offered to reduce Defendants' burden by agreeing to accept less or differently formatted discovery from what they originally sought. I find Plaintiffs' conduct far more accommodating and professional than Defendants' and that their modified requests would not place an undue burden upon Defendants. The Federal Rules of Civil Procedure generally contemplate broad discovery. Although you may limit discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed.R.Civ.P.26(c), I here find no good cause to limit this action's discovery as Defendants request. Defendants are ORDERED to comply with discovery as specified herein.

### 1. ESI

Plaintiffs' Motion to Compel requested that Defendants be ordered to search for and

produce electronic documents in native format responsive to Plaintiffs' Requests For Productions Nos. 1 and 6. Defendants have imaged some of the ESI requested by Plaintiffs, but claim they need to upload the data obtained from the imagining onto a central platform or program (of their own development) for further processing before they may turn over the ESI in native format to Plaintiffs. Defendants claim to have contacted several vendors to get bids for this processing of the ESI and report their vendors to have quoted them a processing cost between $25,000 and $30, 000 dollars.

After some negotiating, however, Plaintiffs decided they would be willing to accept ESI in .pdf format instead of in native format, which would obviate the need to create the platform Defendants claim they would otherwise have to create. Also, Plaintiffs have agreed to a search term protocol proposed by Defendants that would further limit the extent of discovery produced. Despite these concessions by Plaintiffs, Defendants have still refused to produce the discovery, further contending, in addition to cost, that their production of the requested discovery would be repetitive because some of the information that will be contained in the ESI is also contained in the thousands of pages of timecards that Defendants have produced. [1]

Defendants' opposition is to no avail. First, Plaintiffs are no longer requiring native format production and do not make any demands for the ESI to be available on a state of the art platform or processing database. Second, Defendants' suggestion that by

---

[1] Defendants argue cost in two ways. They argue that their costs of production would be unduly expensive and that they simply cannot afford it regardless of whether it is fair. I do not consider Defendants' arguments about their alleged financial inability to pay for two reasons. First, that argument is premised upon the incorrect idea that they have to fund technology beyond what Plaintiffs ask. Second, I do not have any evidence concerning the financial condition of the individual defendants, save for their salaries, or for the corporation.

3

including some ESI information as part of a multiple-thousand page production of timecards and saying that the ESI-related documents appear somewhere generally within that data does not meet the specificity requirements of the discovery rules. Parties' must specify where in their productions the opposing party may find the responsive data. *State of Colorado v. Schmidt Tiego Construction Co.*, 108 F.R.D. 731, 735 ("The appropriate answer when documents are to be used [under Rule 33(d) ] is to list the specific document provided the other party and indicate the page or paragraphs that are responsive to the interrogatory.")

Defendants are ordered to produce the discovery documents requested by searching their documents and emails/texts for the terms and phrases listed in Ex. M and must specifically identify what Bates labeled pages correspond to which discovery request. To the extent that Plaintiffs seek information that is also available from class members phones, this information shall be excluded from production.

*2. Pay Dispute Forms and Documents Concerning Deductions*

Defendants again ignore the specificity obligations of participating in discovery. Plaintiffs requested identification by Bates number of "pay dispute forms" "payroll withholding" forms, and all documents showing deductions from Plaintiffs' pay. Defendants gave examples of a half-dozen or so pay dispute forms that appeared in weekly batches of time cards and argue that this is sufficient. Locating pay disputes noted on individual time sheets would require Plaintiffs looking at each of the thousands of sheets. "A party does not satisfy its Rule 34 obligations by merely pointing the

4

opposing party to its file and leaving that party 'to sift through documents in an effort to locate those that are responsive to its request.'" *Crest Resources Inc. v. Dan Blocker Petroleum Consultants, Inc.* 2013 WL 618865, at *1-2 (N.D. Okla. Feb. 19, 2013)(internal quotations omitted). While I appreciate that Defendants did not keep timesheets separate from pay dispute records during their normal course of business operation, discovery produced in the format of that which was kept in the normal course of business must still reference specific documents. *Bishelli v. State Farm Mutual Automobile Ins. Co.*, 2008 WL 1898406, * 1 (D.Colo.2008)

## CONCLUSION

Defendants are ordered to perform the searches on their electronic documents and in texts/emails that they previously agreed to perform and to produce all such documents in Bates numbered .pdf format, specifying precisely what documents respond to what request for production. Further, Defendants are ordered to identify by Bates numbers the specific documents that they claim are or contain pay disputes, and other such disputes, deductions or payroll forms.

Plaintiffs request sanctions, but this is premature. Both sides have filed discovery motions and it seems a bit of gamesmanship is happening on both sides. That said, I find Defendants behavior significantly more obstructive than Plaintiffs. This process is cumulative, however, and I will wait to see if the parties can proceed in a less contentious manner before deciding whether to impose sanctions and award attorney fees. This Order and the accompanying Order on Defendants' Motion to Compel, Doc. 60, should suffice

to apprise the parties of their discovery obligations. If not, sanctions for future violations will be enhanced.

DATED:     January 21, 2014            BY THE COURT:

                                       *s/John L. Kane*
                                       John L. Kane, U.S. Senior District Judge