**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No:12-cv-1048-JLK

JOSÉ LOZOYA;
ANTONIO MALDONADO; and
MARIO PEÑA, on behalf of
themselves, individually, and on behalf
of those similarly situated,

    Plaintiffs,

    v.

ALLPHASE LANDSCAPE CONSTRUCTION, INC., a Colorado corporation,
doing business as ALL PHASE LANDSCAPE;
DONALD TROY TINBERG;
MARK FISHER; and
LYLE FAIR, in their individual and corporate capacities,

    Defendants.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER, DOC. 85**

Kane, J.

Plaintiffs filed a Motion for a Protective Order, Doc. 85. At issue is whether Defendants may acquire discovery from all opt-in plaintiffs. The case for individualized discovery is strong before a class is certified, but considerably weaker after a class is certified, absent a clear demonstration of necessity. This class has already been certified and there is no clear demonstration of necessity.

Plaintiffs' Motion requests in the first instance that no further discovery beyond that already accomplished or previously ordered be permitted. Defendants oppose any limitation on further discovery. I grant Plaintiffs' request for a protective order. It's time to call it a day.

Defendants have obtained substantial discovery in the form of having deposed three of the three named plaintiffs as well as five opt-in plaintiffs and having served and received responses to written discovery from the three named plaintiffs. The outstanding discovery requests propounded by the Defendants to the opt-in plaintiffs are the same discovery requests propounded to the named plaintiffs in December 2012.

Given these realities, I find that permitting Defendants to conduct individualized discovery is unreasonably cumulative under Fed R. Civ. P 26 (b)(2)(i) and that the burden of such individualized discovery outweighs its benefit in contravention of Fed R. Civ. P 26 (b)(2)(iii). Nothing of substance is to be gained by asking more people who have already been determined to be "similarly situated" the same questions already asked of their similarly situated brethren.

DATED:   June 3, 2014            BY THE COURT:

                                 *s/John L. Kane*
                                 John L. Kane, U.S. Senior District Judge