**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No:12-cv-1048-JLK

JOSÉ LOZOYA;
ANTONIO MALDONADO; and
MARIO PEÑA, on behalf of
themselves, individually, and on behalf
of those similarly situated,

    Plaintiffs,

    v.

ALLPHASE LANDSCAPE CONSTRUCTION, INC., a Colorado corporation,
doing business as ALL PHASE LANDSCAPE;
DONALD TROY TINBERG; and
MARK FISHER, in their individual and corporate capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Kane, J.

Before me is Plaintiffs' Motion for Class Certification under Rule 23 (Doc. 95), Defendants' Response (Doc. 100), and Plaintiffs' Reply (Doc. 103). For the reasons that follow, the Motion is GRANTED.

### Background

The Plaintiffs in the action have brought claims against their former employer, AllPhase Landscape Construction ("AllPhase" or "Defendant") and two of its executives under the Federal Labor Standards Act ("FLSA") and Colorado's minimum wage law, challenging certain of AllPhase's pay policies and practices, including its policy of not paying employees for time spent traveling to job sites

("windshield time") and of taking deductions from wages for equipment damaged on the job. Plaintiffs previously sought, and I previously granted, certification of an "opt-in" class of plaintiffs under FLSA § 216(b), defined as all "current and former hourly employees who performed landscape services and/or snow removal on behalf of All Phase within the State of Colorado on or after April 28, 2009." Doc. 82 at 3. That class now contains 31 opt-in plaintiffs. Plaintiffs now seek class certification of the same class, which they estimate contains approximately 450 employees, under Rule 23 with respect to their state law claims.[1]

### Rule 23(a) Standard

Class certification under Rule 23 requires that the proposed class and its representatives meet the pre-requisites of numerosity, commonality, typicality, and adequacy. *See* Fed. R. Civ. P. 23(a). Defendants acknowledge that the class size is approximately 450 and do not appear to dispute that the numerosity requirement is satisfied. *See* Doc. 100 at 25; *Bennett v. Sprint Nextel Corp.*, 298

---

[1] Granting certification means that the case will become a "hybrid" class action, with a smaller opt-in class with respect to the FLSA claims and a larger opt-out class with respect to the state law claims under Rule 23. The parties have not briefed or addressed the issue of supplemental jurisdiction, but in a decision from this district, Judge Daniel declined to exercise supplemental jurisdiction over a Rule 23 state law class action together with FLSA claims. *See In re American Family Mut. Ins. Co. Overtime Pay Litigation*, 638 F.Supp.2d 1290, 1298-1302 (D. Colo. 2009) (Daniel, J.) (declining to exercise supplemental jurisdiction over state law Rule 23 portion of "hybrid" class action because doing so would "would undermine Congress's intent to limit the number of plaintiffs in a FLSA action"). However, at least one other court in this district has exercised supplemental jurisdiction over a Rule 23 state law claim in similar circumstances because allowing two parallel actions "would not serve the interests of judicial economy, convenience, and fairness." *Bass v. PJCOMN Acquisition Corp.*, No. 09–cv–01614–REB–MEH, 2011 WL 2149602, *5 (D. Colo. June 1, 2011) (Blackburn, J.). I likewise find that the exercise of supplemental jurisdiction is appropriate in this case.

F.R.D. 498, 504-505 (D. Kan. 2014) (finding "good faith estimate of at least 50 members" sufficient to satisfy numerosity). Defendants explicitly concede adequacy. Doc 100 at 28-29. The parties disagree, however, about whether the typicality and commonality requirements have been satisfied.

### a. Commonality

Commonality "requires only a single issue common to the class." *J.B. v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999). Plaintiffs argue that there are issues of law and fact common to the class because each member of the class was subjected to the same allegedly illegal pay policies and practices. Defendants argue that commonality is not satisfied because of differences in treatment between the different types of employees, e.g., foremen were paid for travel time whereas other employees were not, whether particular deductions were improper must be determined on an employee by employee basis, etc. I find commonality satisfied, because the issues of what Defendant's policies were and whether they were illegal are common to the class. This is also consistent with my previous ruling on § 216(b) certification. *See* Doc. 82 at 4 ("Where employees are subject to standardized pay policies, collective treatment is appropriate.").

### b. Typicality

"Typicality insures that the class representative's claims resemble the class's claims to an extent that adequate representation can be expected." *In re Intelcom Group, Inc. Securities Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996).

3

Plaintiffs argue that typicality is satisfied because the named plaintiffs represent laborers on maintenance and snow removal crews (Plaintiff Lozoya was also an acting foreman) and were subjected to Defendant's allegedly illegal policies. Defendants argue that the named Plaintiffs are not typical because they did not have each of the challenged types of deductions from their wages, because none of the named plaintiffs had deductions for H-2B visas, and because none of the named plaintiffs were irrigation technicians.  Doc. 100 at 28.  I find typicality satisfied, because if the named plaintiffs successfully prove that AllPhase's policies were illegal, these types of differences among the plaintiffs are predominantly an issue of individual damages.

### Rule 23(b) Requirements

Plaintiffs assert that the class is appropriately certified under both Rule 23(b)(2), because Defendant "has acted or refused to act on grounds that apply generally to the class," and under Rule 23(b)(3), because common questions of law and fact predominate over individualized questions.

#### a. Rule 23(b)(2) – Grounds Generally Applicable to the Class

Class certification is appropriate under Rule 23(b)(2) where specific, detailed relief can be fashioned in a single injunction without differentiating among class members.  See *DG v. Devaughn*, 594 F.3d 1188, 1199-1200 (10th Cir. 2010).  Plaintiffs argue that certification is appropriate under this part of Rule 23 because they are seeking declaratory and injunctive relief to enjoin Defendant from continuing its allegedly illegal pay policies and procedures.  Defendant

argues that Plaintiffs seek primarily money damages, that Plaintiffs have not shown that the disputed policies are still in effect, and that the court has discretion to deny class certification under this part of the Rule where the "primary relief" sought is money damages. I find class certification appropriate under Rule 23(b)(2) because an injunction or declaratory relief can be fashioned that enjoins Defendants from continuing the main practices challenged in the complaint, e.g., not paying workers until arrival at a job, taking improper deductions from employees' paychecks, and the like.

### b. Rule 23(b)(3) – Common Questions of Law/Fact Predominate

Rule 23(b)(3) certification requires that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that a class action be superior to other available methods for fair and efficient adjudication of the controversy. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622-23 (1997); *Esplin v. Hirschi*, 402 F.2d 94, 98 (10th Cir. 1968). Plaintiffs argue that the only questions before the court affect the entire class and that the only individualized issues are each plaintiff's particular damages, which can be calculated individually without destroying predominance. Defendants argue that individualized questions predominate because certain plaintiffs did not have any deductions taken from their wages, plaintiffs who were foremen were actually paid for their travel time, etc. I find that predominance is satisfied, because there are common questions as to what Defendant's policies

were and whether they were illegal, and the more individualized issues can be dealt with as part of individual damages calculations.

### Conclusion

For the reasons above, Plaintiffs' motion for class certification under Rule 23 with respect to Plaintiffs' state law claims (Doc. 95) is GRANTED.

Dated:  March 31, 2015         **s/ John L. Kane**
                                SENIOR U.S. DISTRICT JUDGE