**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No:12-cv-1048-JLK

JOSÉ LOZOYA;
ANTONIO MALDONADO; and
MARIO PEÑA, on behalf of
themselves, individually, and on behalf
of those similarly situated,

      Plaintiffs,

      v.

ALLPHASE LANDSCAPE CONSTRUCTION, INC., a Colorado corporation,
doing business as ALL PHASE LANDSCAPE;
DONALD TROY TINBERG; and
MARK FISHER, in their individual and corporate capacities,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Kane, J.

Before me are the parties' cross motions for partial summary judgment on certain issues (Docs. 104, 112, 114 and 105, 111, 113).  For the reasons that follow, Defendants' motion is GRANTED in part and DENIED in part, and Plaintiffs' Motion is DENIED.

**Background**

The Plaintiffs in the action have brought claims against their former employer, AllPhase Landscape Construction ("AllPhase" or "Defendant") and two of its executives under the Federal Labor Standards Act ("FLSA") and Colorado's minimum wage law, challenging certain of Defendant's pay policies and practices, including its policy of not paying employees for time spent traveling to job sites ("windshield time") and of taking deductions from wages for equipment damaged on the job.  The discovery cut-off was August 14, 2014, and both parties have now fully briefed cross-motions for partial summary judgment on certain issues (Docs. 104, 112, 114 and 105, 111, 113).

### Summary Judgment Standard

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322  (1986); *Henderson v. Inter–Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir.1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir.1987).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Minit–Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir.1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir.1987).

### Defendants' Motion for Partial Summary Judgment

Defendants seek partial summary judgment on two issues:  (1) whether Plaintiffs can recover penalties or liquidated damages with respect to their state law claims under Colo. Rev. Stat. § 109(3)(b), and (2) whether Plaintiffs can recover damages for allegedly missed rest periods required by the Minimum Wage Order.

#### i.     Penalties Under the Colorado Wage Act

The Colorado Wage Act ("CWA") provides that if an employee is terminated "by volition of the employer," the employee thereafter makes a written demand for wages due, and the employer does not pay those wages within 14 days, "the employer shall be liable to the employee for the wages or compensation, and a penalty" calculated under a certain formula. C.R.S. § 8-4-109(3)(b).  An employee who has not made a written demand for the payment

within sixty days after the date of separation "shall not be entitled to any such penalty under this subsection (3)." C.R.S. § 8–4–109(3)(d).[1] Plaintiffs argue that Section 109's written demand requirement does not apply to current employees, and that Plaintiff Lozoya's complaint to the Colorado Department of Labor ("CDOL") in December of 2011 (while he was still an employee) satisfies the written demand requirement on behalf of the class such that class members are entitled to statutory penalties. Doc. 111 at 11-14. Defendant argues that the penalty provision does not apply to demands made during employment, and that Plaintiff Lozoya's complaint to the CDOL concerned only travel time. Doc. 105 at 9-10.

The CWA contemplates payment after termination of wages that are not in dispute. *See* CWA 8-4-109(1)(a) (providing that wages "earned, vested, determinable, and unpaid at the time of such discharge [are] due and payable immediately"); *Summers v. Texas de Brazil (Denver) Corp.*, No. 09CV3147, 2011 WL 1832334, *4 (D. Colo. May 11, 2011) ("Colorado courts have held that penalties assessable under § 8–4–109(3) are for wages that are 'undisputed but unpaid.'"). The only written demand in this case was made while Plaintiff Lozoya was still an employee, and the wages sought are not "undisputed and unpaid," but rather compensation for Defendant's "windshield time" policy and other practices, which were and continue to be an area of factual and legal dispute between the parties. Accordingly, I find that statutory penalties are not available, and grant this portion of Defendants' motion for summary judgment.

### ii. Compensation for Rest Periods

Plaintiffs seek straight or overtime pay for the rest periods required by the Minimum Wage Order that Defendant allegedly did not allow them to take. Defendants argue that because Plaintiffs were paid for all the time that they actually worked, they are not entitled to any further monetary damages for rest periods, even if they were not taken. Doc. 105 at 10-12. Defendants also rely on a redacted letter from a "Compliance Officer" at the CDOL indicating

---

[1] This language has been removed from the version of the statute effective January 1, 2015.

that "[i]t is the position of this office . . . [that] unless the employee is docked for [rest] breaks not allowed, there is no monetary recovery" available for missed rest periods. Ex. G to Doc 105. Plaintiffs argue that the Court owes no deference to a letter written by a "Compliance Officer" under unspecified circumstances and that being forced to work through required rest breaks means in effect that Plaintiffs were not compensated for that time. Doc. 111 at 16-19. The Colorado Wage Claim Act allows an employee "to sue his or her former employer for earned wages and other compensation the employer has refused to pay." *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo.App.2014); *see also* Colo. Rev. Stat. § 8–4–109. Although there do not appear to be any state or federal Colorado decisions on point, the idea that missed rest periods can constitute "wages or compensation" has been accepted by other courts. *See, e.g.*, *Wingert v. Yellow Freight Systems, Inc.*, 50 P.3d 256, 260 (Wash. 2002) (rejecting argument that failure to provide employees with required rest period did not result in lost wages and concluding that "[w]hen the employees are not provided with the mandated rest period, their workday is extended by 10 minutes"). I find that Plaintiffs may prevail on their claim for lost wages because of unused rest breaks and deny this portion of Defendants' motion for partial summary judgment.

### **Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs seek summary judgment on Defendant's liability with respect to each of the major challenged policies or practices, and with respect to the applicable statute of limitations.

#### **i. Defendant's Policy of Not Paying for "Windshield Time"**

Plaintiffs argue that they are entitled to summary judgment on their claim that Defendant's "Windshield Policy" of not paying employees for time worked before arrival at a job site violated the FLSA and the Colorado Wage Act, citing examples of certain employees' timecards, testimony that employees were not paid for time worked before arrival at the job site, and testimony of certain of Defendant's employees indicating that this was the Defendant's policy and practice. Doc. 104 at 12-15. Defendant argues that despite its written policy, its

actual practice was to pay employees if they began work at AllPhase's premises before traveling to a job site, Doc. 112 at 7, and that employees working under certain supervisors and in certain divisions (e.g., the enhancement subdivision, snow removal crews, and irrigation technicians) were actually paid for time spent loading trucks and driving to the first job site. Doc. 112 at 7-15. I agree with Defendants that summary judgment is inappropriate because there are factual disputes as to whether and how Defendant's policy was applied in practice, to which employees, and under what circumstances.

### ii.     Failure to Pay Overtime for Shifts Over 12 Hours

Plaintiffs argue that they are entitled to summary judgment on their claim that Defendant illegally failed to pay overtime for shifts in excess of 12 hours, citing testimony indicating it was Defendant's practice not to pay overtime for hours worked over 12 in one day. Doc. 104 at 16-17. Plaintiffs also cite to certain timecards showing between 11-12 hours of work and argue that credit for "windshield time," rest breaks not taken, and lunch breaks not taken would increase the time worked to more than 12 hours, thus requiring overtime pay. *Id.* at 17. Defendants argue that Plaintiffs have not identified any specific employees who failed to receive overtime pay for time worked over 12 hours. I deny summary judgment on this issue because Plaintiffs' evidence does not meet their burden of proof to show overtime was not paid.

### iii.    Deductions for Equipment/Vehicle damage/Cell Phone Use

Plaintiffs seek summary judgment on their claim for illegal payroll deductions, citing numerous examples of deductions made for broken or damaged equipment, allegedly personal cell phone use, uniforms, small tools, and safety equipment, all allegedly in violation of C.R.S. 8-4-105, which provides that deductions are permitted only in certain enumerated circumstances. Doc. 104 at 21-27. Defendants argue that they are permitted under the Colorado Wage Act to take deductions pursuant to written agreements with the employees, and give examples of written agreements for deductions for personal cell phone use, extra company apparel, tools and equipment for personal use, and disciplinary sanctions. Doc. 112 at 19-25. However,

Plaintiffs point to certain examples of these agreements that are not signed. *See* Doc. 104 Ex. 18 (payroll withholding authorization form with handwritten note that employee "did not want to sign"). Because there appear to be factual disputes between the parties regarding whether or not each challenged deduction is covered by an authorization form, and whether those forms are enforceable contracts, summary judgment is denied on this issue. *See Southern Colorado MRI, Ltd. v. Med-Alliance, Inc.*, 166 F.3d 1094, 1098 (10th Cir. 1999) ("Whether parties have entered into a contract is a question of fact."); *United States v. Hess*, 194 F.3d 1164, 1174 (10th Cir.1999) ("[W]here interpretation of a contract requires examination of extrinsic evidence to determine intent, and where more than one inference may be drawn therefrom, a question of fact is presented.").

### iv. Time Worked "Off the Clock"

Plaintiffs move for summary judgment on their claim that Defendant illegally forced employees to work "off the clock" to pay off certain alleged debts or deductions without keeping records as required by the Wage Act. In support, Plaintiffs cite testimony of individuals defendants Tinberg and Fisher that the company may have allowed employees to work off the clock in order to pay certain deductions. Doc. 104 at 29-30. Defendants reply that Plaintiffs have failed to identify a single employee or incident in which an employee worked off the clock in order to pay for a deduction. Doc. 112 at 26. In reply, Plaintiffs identify two examples of testimony regarding work done off the clock in order to pay for certain deductions. Doc. 114 at 9-10. I deny summary judgment on this claim because the parties dispute whether and to what extent this off-the-clock work took place.

### v. Failure to Pay the Minimum Wage

Plaintiffs also argue that they are entitled to summary judgment on their claim that Defendant effectively paid employees below the minimum wage when work done off the clock is considered. Doc. 104 at 10-15. Because there are issues of fact with respect to whether and to what extent off the clock work took place, I deny summary judgment as to this issue.

### vi. Individual Liability of Tinberg and Fisher under the FLSA

Plaintiffs assert that they are entitled to summary judgment on the issue of whether individual defendants Troy Tinberg and Mark Fisher, AllPhase's owner and director and Vice President of Maintenance Operations, respectively, are individually liable for Defendant's alleged violations of the FLSA. Doc. 104 at 27-29. Although the Tenth Circuit has not set forth a test to be used to determine individual liability under the FLSA, district courts in this Circuit have focused the inquiry on the "operational control" of individual defendants over the plaintiff employees. *See Jensen v. Redcliff Ascent, Inc.*, No. 2:13–CV–00275–TC–EJF, 2014 WL 2739297, *2-7 (D. Utah June 17, 2014). Defendants acknowledge that Mr. Tinberg has "ultimate responsibility for the policies and practices of All Phase." Doc. 112 at 28. With respect to Mr. Fisher, however, Defendants argue that because only some authority has been delegated to him, he cannot have any individual liability under the FLSA. Although the parties appear to agree that Mr. Tinberg exercised the type of control necessary to be individually liable for any proven FLSA violations, I deny summary judgment as to this issue because the parties appear to dispute the extent of Mr. Fisher's authority, and as premature because no FLSA violations have yet been established.

### vii. Applicable Statute of Limitations

Plaintiffs argue that they are entitled to the 3-year statute of limitations that applies to willful FLSA violations, as opposed to the 2-year statute of limitations that applies ordinarily. *See* 29 U.S.C. § 255(a); *see also Brinkman v. Dep't of Corrections*, 21 F.3d 370, 372 (10th Cir.1994). According to Plaintiffs, because there is no evidence that Defendant consulted an attorney or performed any investigation before "reaching its decision concerning the applicability of the wage and hour law," Defendant's conduct should be deemed willful. Doc. 104 at 38. Defendant responds that there is no evidence that Defendant knew or showed reckless disregard about whether its conduct violated the applicable statutes, and that in any event, Defendant did consult with attorneys in drafting certain of its policies. Doc. 112 at 29. Because

7

the parties dispute the factual issues surrounding whether Defendant consulted with an attorney and whether its alleged violations of the FLSA and wage and hour law were willful, summary judgment is denied as to this issue.

### **Conclusion**

For the reasons given above, Defendants' Motion for Summary Judgment is GRANTED as to the availability of statutory penalties and DENIED as to liability for missed rest periods, and Plaintiffs' Motion for Summary Judgment is DENIED.

Dated:  April 15, 2015                                    **s/ John L. Kane**
                                                          Senior U.S. District Judge