**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

*Civil Action No. 12-cv-01048-JLK-KLM*

JOSÉ LOZOYA,
ANTONIO MALDONADO, and
MARIO PEÑA

    Plaintiffs,

v.

ALL PHASE LANDSCAPE CONSTRUCTION, INC., a Colorado corporation,
DONALD TROY TINBERG, and
MARK FISHER,

    Defendants.

## ORDER APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, DIRECTING NOTICE AND STAYING PROCEEDINGS AGAINST DEFENDANTS

Plaintiffs, José Lozoya, Antonio Maldonado, and Mario Peña ("Lead Plaintiffs"), on behalf of themselves and on behalf of the Plaintiffs' Class (collectively "Plaintiffs"), and All Phase Landscape Construction , Inc. ("All Phase"), Donald Troy Tinberg, and Mark Fisher (collectively "Defendants"), by counsel, have submitted Class Action Settlement Agreement and have applied, pursuant to Fed. R. Civ. P. 23 for an order: (1) Approving the Terms and Conditions set forth in the Settlement Agreement as fair, reasonable and adequate; (2) approving forms, content and a program for Notice to the Settlement Class; and (3) scheduling a Final Fairness Hearing to consider final approval of the Settlement.

1

The Court has given due consideration to the terms of the Settlement, the Exhibits to the Settlement, the submissions of the Parties in support of preliminary approval of the Settlement, and the record of proceedings herein, and now approves the proposed Settlement for purposes of notifying the Settlement Class of the opt-out and objection deadlines and the date of the Final Fairness Hearing.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This Court has jurisdiction of the subject matter of this litigation and jurisdiction over Plaintiffs and Defendants in the above-captioned case (the "Parties").

2. The Parties have maintained and may maintain this litigation as a class action under The Fair Labor Standards Act ("FSLA") and Fed. R. Civ. P. 23 for settlement purposes on behalf of the following class (the "Settlement Collectives"):

> a. **FLSA Collective**: All Lead Plaintiffs, Opt-in Plaintiffs and Class Members who have been employed by Defendant in an hourly capacity, who performed maintenance, enhancements, irrigation installation, repair, service or maintenance, and/or snow removal on behalf of Defendants within the State of Colorado, who have worked more than 40 hours in at least one week during the Class Period, and whose claims are not time-barred.
>
> b. **State Law Collective:** All Lead Plaintiffs, opt-out Plaintiffs, and Class Members who have been employed by Defendants as hourly employees who performed maintenance, enhancements, irrigation installation, repair, service or maintenance, and/or snow removal on behalf of Defendants within the State of Colorado, who have worked more than 40 hours in at least one week during the Class Period, and whose claims are not time-barred.

3. Pursuant to the Court's Order dated January 21, 2014, the FLSA collective is certified as a class.

4. Pursuant to the Court's Order dated March 31, 2015, the State Law Collective is certified as a class under Fed. R. Civ. P. 23.

5. Pursuant to this Court's within Order David H. Miller and Rachel Graves of the firm Sawaya & Miller are appointed Class Counsel.

6. The terms of the parties' Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the notice of the proposed Settlement Agreement to the Class members. This determination permitting notice to the Class is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but simply a determination that there is probable cause to submit the proposed Settlement to the Class.

7. In the event that the Settlement does not become Final in complete accordance with the terms of the Settlement Agreement, then this Order shall be rendered null and void and be vacated and the Settlement Agreement shall be rendered null and void.

8. The Court grants approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to the Class for its consideration, pursuant to the FLSA and Fed. R. Civ. P. 23. Within 10 days preceding the Final Fairness Hearing, Plaintiffs shall file their Motion for Attorneys' Fees and Costs.

9. Pursuant to the FLSA and Fed. R. Civ. P. 23, a Final Fairness Hearing shall be held before this Court at 10:00 a.m. on June 27, 2016, at the United States District Court, District of Colorado. At the Final Fairness Hearing, the Court will consider: (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether a final judgment should be entered thereon; (c) whether Settlement Class Counsel fairly and adequately

protected the interests of the Class; and (d) whether Settlement Class Counsel's application for attorneys' fees, costs, expenses should be approved by the Court.

10. CPT Group is hereby approved as the Claims Administrator.

11. CPT Group is hereby approved as the Escrow Agent for the Settlement.

12. The Court approves, as to form and content, the Notice Plan set forth in the Settlement Agreement and finds that such notice is the best practicable under the circumstances, in conformity with Fed. R. Civ. P. 23(c)(2)(B).

13. All Phase, through the Claims Administrator, is hereby directed to cause to be sent the notices in the forms of Exhibits B and C to the Settlement Agreement, in accordance with the Settlement Agreement, on or before March 11, 2016 and to send notice in the form of Exhibit B to anyone who requests it.

14. The Court finds that, under the circumstances, the Notices described in the Settlement Agreement constitute the best notice that is practicable of the Final Fairness Hearing, the Proposed Settlement, Settlement Class Counsel's application for fees and expenses, and other matters set forth in the Notices, and that such distribution of Notices constitutes valid, due, and sufficient notice to all members of the Class, and comply fully with the requirements of FLSA, Fed. R. Civ. P. 23, the Constitution of the United States, the constitutions and laws of Colorado, the Class members' rights of due process, and all other applicable law.

15. Pursuant to 28 U.S.C. § 1715(d), Defendants' Counsel shall notify the Court upon expiration of 90 days after the appropriate federal and state officials are served with the notice required under 28 U.S.C.§ 1715(b).

16. All Phase shall pay all costs and expenses of the Claims Administrator in distributing the notices and in publishing the Publication Notice.

17. Any person falling within the definition of the Class may, upon the person's request, be excluded from the settlement. Any such person must submit a request for exclusion, postmarked on or before May 10, 2016, to:

> David H. Miller, Esq.
> Sawaya & Miller
> 1600 Ogden Street
> Denver, CO 80218

The person making the request for exclusion must sign the request personally or by legal counsel. A request for exclusion must include the (a) full name, (b) current address and (c) address when the person was an employee of All Phase. The request for exclusion must also state specifically that the person requests exclusion from the Class in *In Re: José Lozoya, Antonio Maldonado, & Mario Peña v. All Phase Landscape Construction, Inc., Donald Troy Tinberg, & Mark Fisher*, Civil Action No. 12-cv-01048-JLK-KLM. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the final judgment herein. All persons falling within the definition of the Class who do not request exclusion in the manner set forth in this paragraph shall be Class members and may be bound by the Settlement Agreement and the final judgment.

18. Any person falling within the definition of the Class who does not request exclusion in the matter set forth in Paragraph 17 above can still object to the proposed Settlement by filing and serving a written objection. The person making the objection ("objector") must sign the objection personally or by legal counsel. An objection must: (1) state the (a) full name, (b) current address, and (c) address when the objector was an employee of All Phase; and (2) state why the objector objects to the proposed Settlement and any reasons supporting such position. Any party wishing to object must provide copies of any documents the objector intends to rely

upon, the names and addresses of any witnesses who will appear at the Final Fairness Hearing, and the name of any counsel representing the objector. Depositions of those posing objections may be taken so long as they are limited to topics relating to the objection.

19. If an objector intends to appear personally at the Final Fairness Hearing, the objector must include with the objection a notice of the objector's intention to appear at the Final Fairness Hearing. Objections, along with any Notices of Intent to Appear, must be postmarked on or before May 10, 2016, and should be mailed to Settlement Class Counsel and counsel for Defendants at the addresses listed in the various notices and website. Class Counsel shall file objections and notices of intent to appear with the Court prior to the Final Fairness Hearing. Only persons in the Class who have filed and served valid and timely notices of objection, in accordance with paragraph 18 above, shall be entitled to be heard at the Final Fairness Hearing.

20. Any Settlement Class member who does not file and serve an objection in writing to the Settlement Agreement, to the entry of final judgment, or to the Class Counsel's application for fees, costs, expenses and Class Representative compensation, in accordance with the procedure set forth in the Notices and as mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

21. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Fairness Hearing without further notice to the Class.

22. Pending final determination of whether the Settlement embodied in the Settlement Agreement is to be approved, no member of the Class, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims arising before July 12, 2013, as described in the Settlement Agreement against Defendants.

23. The Parties shall otherwise perform their specified duties consistent with the terms of the Settlement Agreement

SO ORDERED:

DATED: February 17, 2016,

_____
Honorable John L. Kane
United States District Judge